## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK MUCHISON, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-7327 |
| | : | |
| DAYWANE JACKSON, | : | |
| *Defendant.* | : | |

**MEMORANDUM**

**Pappert, J.**                                                          **June 1, 2026**

Derrick Muchison filed this *pro se* civil action against Daywane Jackson alleging Jackson refused to return Muchison's personal property. *See generally* Dkt. No. 1 ("Compl."). Muchison also filed Motions for Leave to Proceed *In Forma Pauperis*. (Dkt. Nos. 13, 14.) For the following reasons, the Court will grant Muchison leave to proceed *in forma pauperis* and dismiss the Complaint.

I[1]

Muchison's Complaint consists of one handwritten page, wherein he asserts a "TORT CLAIM" against "wrongdoer" Jackson with respect to possession of private property, a refusal to return private property to its rightful owner, and property theft. (Compl. at 1.) It appears from the Complaint that Jackson is "in possession of owner working tools." (*Id.*) Muchison alleges that Jackson's refusal to return his property violates the Pennsylvania Constitution. (*Id.*)

---

[1] The facts set forth in this Memorandum are taken from the Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Attached to the Complaint are documents filed by Muchison in the Philadelphia Court of Common Pleas ("CCP").  (*Id.* at 2-19.)  These documents indicate that on October 2, 2025, Muchison commenced a civil tort action against Jackson seeking the return of personal property, noting that the amount in controversy was $50,000 or less.[2]  (*Id.* at 2, 5, 12.)  Muchison alleged in state court that he made several attempts to retrieve his property from Jackson but Jackson lied to him and told him that his property was located "in the place that [they] all shared."  (*Id.* at 12.)  Muchinson asserted that he suffered "financial hardship" because he needed his tools "for [his] crafts."  (*Id.*)  The CCP action was dismissed on October 31, 2025 because it failed to state a claim upon which relief could be granted.[3]  (*Id.* at 18.)

II

The Court grants Muchinson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains

---

[2] The CCP Complaint lists several property items including Muchison's birth certificate and social security card, professional music equipment, brand new laptops, and work clothing. (Compl. at 5.)

[3] It is unclear whether Muchison attached these documents to his Complaint because he seeks relief from the state court's resolution of his claims against Jackson.  Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (cleaned up).  To the extent Muchison asks this Court to invalidate state court rulings decided against him prior to the initiation of this lawsuit, the Court lacks jurisdiction to do so.

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

As Muchison is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue."). "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002),

this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III

Muchison asserts claims pursuant to Article 1 of the Pennsylvania Constitution.[4] (Compl. at 1.) However, "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*). As there is no private right of action for damages under the Pennsylvania Constitution, these claims are not plausible and must be dismissed. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

---

[4] Muchison alleges a "violation of 1-11 'PENNSYLVANIA CONSTITUTION.'" (Compl. at 1.) It appears, therefore, that Muchison is attempting to assert a claim under Article I of the Pennsylvania Constitution, which is also known as the Declaration of Rights.

Even if Muchison seeks to allege tort claims under Pennsylvania law, he has not pled a basis for the Court's jurisdiction over those claims.  District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "complete diversity between all plaintiffs and all defendants," which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

The Complaint does not allege a basis for this Court's jurisdiction over Muchison's claims because it does not allege the citizenship of the parties.  Muchison provides Pennsylvania addresses for himself and Jackson,[5] which suggests the parties

---

[5] Muchison lists a Philadelphia address for Jackson.  (Compl. at 2, 15.)

5

are not citizens of different states. Moreover, because Muchison has indicated that the amount in controversy is $50,000 or less (Compl. at 2), the amount in controversy requirement has not been met. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." (footnotes omitted)); *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 322 (3d Cir. 2010) (*per curiam*) (affirming the district court's ruling that diversity jurisdiction was lacking because plaintiff's plausible damages were well below $75,000). Accordingly, any state law tort claims will be dismissed without prejudice for lack of subject matter jurisdiction.[6] *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)).

## IV

For the foregoing reasons, the Court will grant Muchison leave to proceed *in forma pauperis* and dismiss the Complaint. Muchison's claims pursuant to the Pennsylvania Contitution will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Any remaining state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given because, under the circumstances of this case, amendment would be futile.

---

[6] Moreover, to the extent that Muchison seeks the initiation of theft charges against Jackson, the Court has no authority to order such relief. *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

*See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  An Order

follows regarding dismissal and shall be entered separately.  *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**